Peck, J.
delivered the opinion of the Court.
The plaintiffs sued out an original attachment against the defendants, returnable to February term, 1819, of the County Court of Smith County, by virtue of which the officer had séized the property of the defendants. On the return of the attachment, the plaintiffs filed their declaration ; called the defendants to replevy the goods, who, not appearing, judgment .was taken by default, and writ of inquiry awarded; on the execution of which, at the next term, the Court gave judgment for $115.48.
The defendants obtained their certiorari, by which the cause was taken into the Circuit Court to September term, 1819, when a rule was entered to-dismiss the certiorari. Continuances were entered until April, 1821, when the rule was'argued and discharged, and time given the defendants to replevy the property and plead to the action at the next term. A plea in abatement was filed and makes part of the record, averring, that the action is brought in the wrong county, for that the defendants are citizens of White County and not elsewhere, &c. At what time-the plea was filed does not appear, but is sworn to before the Circuit Judge, 11th day of September, 1819.
At October term, 1821, the plaintiffs, by their attorneys, moved the Court to set aside the plea in abatement, which was overruled; and at April term, 1822, it was moved that the Court would reinstate the motion of last term, to set aside the plea in abatement, and the order made thereon be reviewed, and on argument, the Court advise thereon ; but finally, during the same tei’m, the Court dismissed the plea in abatement; this point was reserved, and the cause continued.
Brief pleas of non-assumpsit; statute of limitations; replications and issues, were entered; on the trial of which, there was verdict for $ 115.48 *127 besides cost and judgment thereon, against the defendants and their securities in the certiorari.
On this record two points are made :
1st. That the Court erred in dismissing the piea in abatement; and,
2d. That judgment is erroneously entered against the security for the writ of certiorari.
It is answered to the first objection, that the plea in abatement came too late, not having been filed at the first term when the cause reached the • Circuit Court, and that it should have been filed before any steps had been taken in the cause.
This Court is of opinion, that as the Court must have received the plea in abatement, it was fair to presume, it had been filed in time, but it is to be collected from the record that there had been no imparlance after the replevy and before filing the plea; and that until the replevy, the defendants were not in person before the Court; that, therefore, the plea was well filed, and after the Court had so received the plea, it was error to dismiss it from the record.
There is no error in giving the judgment against the securities. The judgment so rendered is authorized by Act of 1807, ch. 81, § %
A question not made at the bar arises upon the record. The defendants have pleaded over and had a trial. Is this such a waiver of the benefit of the plea in abatement as will conclude the party on this writ of error?
This point was decided at Rogersville by the Supreme Court, in the case of Cleon Moore, in error, v. Smith; the plea in abatement was overruled on demurrer, by the inferior court; Moore pleaded over ; a trial was had on the merits, and verdict and judgment, from which the cause was taken to the Supreme Court, where the whole was reversed and judgment on the demurrer to the plea in abatement given for the defendant. In the present case, the plea being unanswered, the judgment must be reversed, the cause remanded to the Circuit Court, with directions for the plea to be reinstated and the .cause proceeded on.